FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. WINSTON ALEXANDER AARONS, Defendant - Appellant. | Nos. 11-10291 11-10292 D.C. Nos. 2:10-cr-00382-JCM 2:11-cr-00017-JCM MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted January 17, 2012**

Before: LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

In these consolidated appeals, Winston Alexander Aarons appeals from the

46-month sentence imposed following his guilty-plea conviction for being a

deported alien found unlawfully in the United States, in violation of 8 U.S.C.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1326, and from the eight-month sentence imposed following revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Aarons contends that his 46-month sentence is substantively unreasonable under *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009), given the staleness of his prior conviction, and his subsequent lack of drug trafficking convictions. The bottom-of-the-Guidelines sentence is substantively reasonable in light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108-09 (9th Cir. 2010) (district court did not abuse its discretion by applying 16-level enhancement where section 3553(a) factors supported within-Guidelines sentence). Further, the district court did not abuse its discretion by declining to vary downward on the basis of the proposed amendments to U.S.S.G. § 2L1.2(b). *See United States v. Ruiz-Apolonio*, 657 F.3d 907, 917-18 (9th Cir. 2011).

Aarons also contends that his eight-month sentence is substantively unreasonable because the district court declined to make it a fully concurrent sentence. The bottom-of-the-Guidelines, partially concurrent sentence is substantively reasonable. *See* 18 U.S.C. § 3583(e); *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006).

**AFFIRMED.**